UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**
AUG 2 7 2007
AUG. 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DONITA JACKSON AND HARRY WALTON, individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>BRENDA PARKS-JOHNSON, and PCC COMMUNITY WELLNESS CENTER d/b/a PCC AUSTIN FAMILY HEALTH CENTER,<br><br>    Defendants. | Formerly Case No. 07 L 003013, Circuit Court of Cook County, Illinois, County Department, Law Division<br><br>07CV4829<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE BROWN |

## NOTICE OF REMOVAL OF A CIVIL ACTION

To:     Dorothy A. Brown                                 Michael T. Friedman & Associates, P.C.
Clerk of the Court of Cook County Illinois       155 North Michigan Avenue
Richard J. Daley Center, Room 1001            Suite 632
50 West Washington Street                       Chicago, Illinois 60601
Chicago, Illinois 60602

        The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 2679, and in support, states as follows:

        1.      The plaintiffs filed this action in the Circuit Court of Cook County, Illinois to recover for alleged medical malpractice against Dr. Brenda Parks-Johnson and PCC Community Wellness Center d/b/a PCC Austin Family Health Center (PCC). Copies of all process, pleadings and orders

served on PCC are attached as Exhibit A. The United States has not been served as of the date of this removal.

2. Pursuant to the provisions of 42 U.S.C. § 233(c), the Attorney General, by and through his duly authorized designee, has found that at the relevant times PCC was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233, and that the conduct of PCC's employee, Dr. Brenda Parks-Jackson, referenced in plaintiffs' complaint was within the scope of her employment at PCC. Accordingly, pursuant to 42 U.S.C. § 233, PCC and Parks-Jackson, are deemed to be employees of the United States for Federal Tort Claims Act purposes only. See Certification attached as Exhibit B.

3. The United States may remove this action without bond at any time before trial pursuant to 42 U.S.C. § 233(c). Trial has not yet been had in the state action.

4.  Pursuant to the certification by the United States' Attorney General's designee and the filing of this Notice of Removal, this civil action against PCC and Parks-Jackson shall be deemed an action against the United States under 42 U.S.C. § 233(c) and the United States shall be substituted as the sole party defendant in place of named defendants PCC and Parks-Jackson.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: *Donald R. Lorenzen*

DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5330

**Atty Code 33994**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| DONITA JACKSON AND HARRY WALTON<br>Individually and as Special Administrators of the<br>Estate of ORNICA ERNESTINE WALTON, Deceased, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | NO.: |
| BRENDA PARKS-JOHNSON, and<br>PCC COMMUNITY WELLNESS CENTER d/b/a<br>PCC AUSTIN FAMILY HEALTH CENTER | )<br>)<br>)<br>) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

### GENERAL ALLEGATIONS

1.      On and before March 25, 2005, the Defendant, BRENDA PARKS-JOHNSON, was a physician licensed to practice medicine in the State of Illinois engaged in the business of providing medical, obstetrical, gynecological and pre-natal care and treatment.

2.      On and before March 25, 2005, BRENDA PARKS-JOHNSON held out and represented to the public that she was skillful, qualified and competent in furnishing medical, obstetrical, gynecological and pre-natal care and treatment.

3.      On and before March 25, 2005, and at all relevant times, DONITA JACKSON, was BRENDA PARKS-JOHNSON's patient.

4.      While a patient of BRENDA PARKS-JOHNSON, DONITA JACKSON'S pre-natal care, treatment, treatment options, delivery and delivery options were managed, directed and supervised by the Defendant, BRENDA PARKS-JOHNSON.

5.      On and before March 25, 2005 PCC COMMUNITY WELLNESS CENTER d/b/a PCC AUSTIN FAMILY HEALTH CENTER, a corporation (hereinafter PCC) operated medical facilities at 335 North Mason Avenue in Chicago, Illinois and at 14 West Lake Street, Oak Park, Illinois.

6.      On and before March 25, 2005, PCC held out and represented to the public that the staff and employees of said facility were skillful, qualified and competent in furnishing medical, obstetrical, gynecological and pre-natal care and treatment.

7.      On and before March 25, 2005, and all relevant times, DONITA JACKSON was PCC's patient.

8.      While a patient at PCC, DONITA JACKSON'S care, treatment and principal care and that of her unborn daughter was managed, directed and supervised by the Defendant, BRENDA PARKS-JOHNSON, M.D.

**EXHIBIT A**

9. On and March 25, 2005, and at all relevant times, the defendant, BRENDA PARKS-JOHNSON, M.D., was an agent, servant, or employee of defendant PCC.

10. DONITA JACKSON and HARRY WALTON are and were the parents of ORNICA ERNESTINE WALTON, Deceased.

11. That at all times material herein, it was the duty of the each Defendant, BRENDA PARKS-JOHNSON and PCC, to possess and apply the knowledge and use the skill and care which reasonably well-qualified specialists in the same field, practicing in the same locality, or in similar localities, ordinarily would use in similar cases and circumstances.

### Count I - Wrongful Death - Negligence

Plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, by and through their attorneys, MICHAEL T. FRIEDMAN & ASSOCIATES, P.C., complaining of the defendants BRENDA PARKS-JOHNSON and PCC state as follows:

1-11. Plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, repeat and reallege Paragraphs 1 through 11 of the General Allegations as if fully set forth herein as Paragraphs 1 through 11 of this Count II.

12. On or about March 17, 2005, and for sometime prior thereto, DONITA JACKSON was pregnant with her then unborn daughter, ORNICA ERNESTINE WALTON.

13. On or about March 17, 2005, DONITA JACKSON presented herself at Defendants' office and was examined. ORNICA ERNESTINE WALTON, then the unborn daughter of DONITA JACKSON and HARRY WALTON, was determined to be alive by the defendants.

14. On or about March 24, 2005, a diagnostic test revealed no evidence of fetal cardiac activity.

15. On or about March 25, 2005, ORNICA ERNESTINE WALTON, deceased was vaginally delivered stillborn.

16. The defendant, PCC, by and through its agent and employee, the defendant, BRENDA PARKS-JOHNSON, and BRENDA PARKS-JOHNSON, individually, were negligent and breached their respective duty in one or more of the following respects during the care and treatment of DONITA JACKSON's pregnancy:

    a. Caused or failed to prevent disorders of preeclampsia;

    b. Caused or failed to prevent problems with DONITA JACKSON'S pregnancy;

    c. Failed to protect DONITA JACKSON'S unborn baby from dying;

    d. Failed to obtain or consult DONITA JACKSON'S previous medical records, including but not limited to earlier history of preeclampsia and that she was a high-risk patient, when such information was readily available and would have provided insight into her condition and appropriate treatment options;

e. Failed to obtain or consult DONITA JACKSON'S previous medical records, including but not limited to earlier symptoms of preeclampsia and that she was a high-risk patient, when such information was readily available and would have provided insight into her condition and appropriate treatment options;

f. Failed to order or utilize safe, effective alternatives to keep ORINCA ERNESTINE WALTON alive in-utero;

g. Improperly determined the gestational age of the baby;

h. Failed to properly treat and manage DONITA JACKSON and ORNICA ERNESTINE WALTON before the baby's demise;

i. Failed to make a consultation with or recommendation or referral to a high-risk pregnancy doctor or medical facility;

j. Failed to recognize symptoms such as swelling, headaches and protein in DONITA JACKSON'S urine and take steps to deliver the baby;

k. Failed to order certain diagnostic tests such as those that would determine protein in DONITA JACKSON'S urine or a blood test;

l. Failed to induce pre-term labor when such labor would or could have saved the baby's life.

m. Failed to closely scrutinize and treat DONITA JACKSON and that of her unborn baby such as every week or every day;

n. Failed to order or perform a caesarian section when such procedure would have resulted in the live birth of the baby;

o. Failed to deliver the baby alive in spite of the facts that DONITA JACKSON had a history of preeclampsia, fetal demise and of being a high-risk patient;

p. Failed to aggressively treat DONITA JACKSON for preeclampsia;

q. Failed to order or perform weekly or twice a week NSTs when such tests would have helped to determine the status of the baby;

r. Failed to check DONITA JACKSON'S urine on a more frequent basis;

s. Failed to inform DONITA JACKSON about important information including but not limited to the amount or protein in her urine and the proper age of the baby; and,

t. Failed to treat DONITA JACKSON as a high-risk pregnancy case.

17. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, PCC, by and through its authorized agent and employee, including but not limited to, the defendant, BRENDA PARKS-JOHNSON, and BRENDA PARKS-JOHNSON, individually DONITA JACKSON suffered serious and permanent injuries including, but not limited to, emotional and physical pain, suffering, disability, loss of normal life, and medical expenses.

18. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, PCC, by and through its authorized agent and employee, including but not limited to, the

defendant, BRENDA PARKS-JOHNSON, and BRENDA PARKS-JOHNSON, individually, the plaintiffs' decedent, ORNICA ERNESTINE WALTON, suffered injuries which resulted in her stillborn death on or about March 25, 2005.

19. The plaintiffs' decedent, ORNICA ERNESTINE WALTON, left surviving her as her only heirs and next-of-kin his parents, DONITA JACKSON and HARRY WALTON, each of whom sustained permanent emotional and pecuniary loss and damage by reason of their daughter's death including, but not limited to, a loss of society and companionship as the direct and proximate result of the death of ORNICA ERNESTINE WALTON

20. The plaintiffs, DONITA JACKSON and HARRY WALTON are the duly appointed Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, by virtue of an Order of Court entered in the Circuit Court of Cook County, Illinois, and bring this action pursuant to the authority of said appointment.

WHEREFORE, plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, demand judgment against the defendants, PCC COMMUNITY WELLNESS CENTER d/b/a PCC AUSTIN FAMILY HEALTH CENTER and BRENDA PARKS-JOHNSON, and each of them, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND AND 00/100 ($50,000.00).

### Count II - Survival Action

Plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, by and through their attorneys, MICHAEL T. FRIEDMAN & ASSOCIATES, P.C. complaining of the defendants, BRENDA PARKS-JOHNSON and PCC, state as follows:

1-16. Plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, repeat and reallege Paragraphs 1 through 16 of Count I as if fully set forth herein as Paragraphs 1 through 16 of this Count II.

17. As a proximate result of one or more of the aforesaid negligent acts or omissions of the defendants, BRENDA PARKS-JOHNSON and/or PCC, plaintiffs' decedent, ORNICA ERNESTINE WALTON, suffered injuries including conscious pain and suffering and, had she lived, she would have then been entitled to bring this action and this action has thus survived his death which occurred on or about March 25, 2005.

18. The plaintiffs, DONITA JACKSON and HARRY WALTON individually and as are the duly appointed Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, by virtue of an Order entered by the Circuit Court of Cook County, Illinois, and they bring this action pursuant to the authority of said appointment.

WHEREFORE, plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, demand judgment against the defendants, PCC COMMUNITY WELLNESS CENTER d/b/a PCC AUSTIN FAMILY HEALTH CENTER, an Illinois Corporation, by and through its authorized agent and employee, BRENDA PARKS-JOHNSON, and BRENDA PARKS-JOHNSON, individually, and each of them, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND AND 00/100 ($50,000.00).

## Count III - Family Expense Act

Plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased by and through their attorneys, MICHAEL T. FRIEDMAN & ASSOCIATES P.C., complaining of the defendants, PCC COMMUNITY WELLNESS CENTER d/b/a PCC AUSTIN FAMILY HEALTH CENTER an Illinois Corporation, by and through its authorized agent and employee, BRENDA PARKS-JOHNSON, and BRENDA PARKS-JOHNSON, individually, state as follows:

1-16. Plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, repeat and reallege Paragraphs 1 through 16 of Count I as if fully set forth herein as Paragraphs 1 through 16 of this Count III.

17. By reason of the foregoing, plaintiffs, DONITA JACKSON and HARRY WALTON individually and as parents of the decedent have become obligated for large sums of money in medical, hospital, funeral and burial expenses.

18. The plaintiffs, DONITA JACKSON and HARRY WALTON are the fully appointed Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, by virtue of an Order of Court entered in the Circuit Court of Cook County, Illinois, Law Division and each of them bring this action pursuant to the Family Expense Act of the State of Illinois, 750 ILCS 65/15.

WHEREFORE, plaintiffs, DONITA JACKSON and HARRY WALTON individually and as Special Administrators of the Estate of ORNICA ERNESTINE WALTON, Deceased, demand judgment against the defendants, PCC COMMUNITY WELLNESS CENTER d/b/a PCC AUSTIN FAMILY HEALTH CENTER an Illinois Corporation, by and through its authorized agents and employees, including but not limited to, BRENDA PARKS-JOHNSON, and BRENDA PARKS-JOHNSON, individually, and each of them in an amount in excess of the jurisdictional amount of FIFTY THOUSAND AND 00/100 ($50,000.00).

Attorney for Plaintiffs

Michael T. Friedman, Esq.
MICHAEL T. FRIEDMAN & ASSOCIATES, P.C.
155 North Michigan Avenue
Suite 632
Chicago, IL 60601
(312) 616-8816
Atty No. 33994

**Atty Code 33994**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

DONITA JACKSON AND HARRY WALTON )
Individually and as Special Administrators of the )
Estate of ORNICA ERNESTINE WALTON, Deceased, )
)
Plaintiffs, )
)
vs. ) NO.: 07 L 3013
)
BRENDA PARKS-JOHNSON, and )
PCC COMMUNITY WELLNESS CENTER d/b/a )
PCC AUSTIN FAMILY HEALTH CENTER )
)
Defendants. )

### AFFIDAVIT

MICHAEL FRIEDMAN, being first duly sworn, states that he is the attorney for the Plaintiff in the above cause and further states:

1. That I have been unable to obtain a consultation as required by paragraph 1 of 735 ILCS 5/2-622 because a statute of limitations would impair the action and the consultation could not be obtained before the expiration of the statute of limitations.

2. The plaintiff, Donita Jackson, has made a request for the relevant medical records and those records have not yet been produced or received by Plaintiff.

MICHAEL FRIEDMAN

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 21st DAY OF
March, 2007
NOTARY PUBLIC

OFFICIAL SEAL
BELINDA LOZA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/25/09

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Donita Jackson and Harry Walton, Individually and as Special Administrator of the Estate of Ornica Ernestine Walton, Deceased v. Brenda Parks-Johnson and PCC Community Wellness Center d/b/a PCC Austin Family Health Center*, No. 2007 L 003013 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the PCC Community Wellness Center (and its approved delivery site, Austin Family Health Center) was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Dr. Brenda Parks-Johnson was acting within the scope of her employment at the PCC Community Wellness Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the PCC Community Wellness Center, Austin Family Health Center, and Dr. Brenda Parks-Johnson are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

*Thomas Walsh*

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: June 22, 2007

**EXHIBIT B**

## Certificate of Service

Donald R. Lorenzen, an attorney, certifies that on August 27, 2007, he caused the forgoing Notice of Removal of Civil Action to be served by first class mail upon the following persons:

Dorothy A. Brown
Clerk of the Court of Cook County Illinois
Richard J. Daley Center, Room 1001
50 West Washington Street
Chicago, Illinois 60602

Michael T. Friedman & Assoc. P.C.
155 North Michigan Avenue
Suite 632
Chicago, Illinois 60601

with a courtesy copy to:

Judge Elizabeth M. Budzinski
Richard J. Daley Center
50 West Washington Street
Chicago, Illinois 60602

DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5330